19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel Aguon QUINTANILLA, Plaintiff-Appellant,
v.
ORANGE COUNTY PERSONNEL DIVISION OF SHERIFF CORONER DEPT.,
Defendant-Appellee.
 No. 93-55285.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Aguon Quintanilla appeals pro se the district court's order (1) dismissing Quintanilla's action against Orange County and the Orange County Sheriff's Department (collectively, the "County") pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and (2) denying Quintanilla a third opportunity to amend his complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's dismissal of Quintanilla's action pursuant to Rule 12(b)(6). Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). We review for abuse of discretion the district court's denial of Quintanilla's request for leave to file a third amended complaint. National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir.1993).
 
 
 4
 Quintanilla filed this action after being denied the position of Correctional Services Technician with the Orange County Sheriff's Department. In his second amended complaint, Quintanilla alleged that the County discriminated against him on account of his nationality and age by refusing to hire him even though he was qualified for the position. Quintanilla alleged that the County thus violated Title VII, 42 U.S.C. Sec. 2000e, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-31, and 42 U.S.C. Sec. 1981. Quintanilla also alleged that the County violated his right to equal protection by withdrawing his application from consideration based on his past criminal record, and was therefore liable under 42 U.S.C. Sec. 1983. The district court dismissed on the ground Quintanilla failed to allege facts indicating that the County's decision not to hire him was based on his nationality or age, or that the County violated Quintanilla's civil rights.
 
 
 5
 To state a claim for disparate treatment under Title VII, the plaintiff must allege facts showing intentional discrimination. Robinson v. Adams, 847 F.2d 1315, 1316 (9th Cir.1987), cert. denied, 490 U.S. 1105 (1989). Proof of intentional discrimination is also required for claims under the ADEA or 42 U.S.C. Sec. 1981. See DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n, 879 F.2d 459, 467 (9th Cir.1989) (per curiam) (section 1981); Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 674 (9th Cir.1988) (ADEA). To state an equal protection claim under 42 U.S.C. Sec. 1983, the plaintiff must allege facts showing that the defendant "acted in a discriminatory manner and that the discrimination was intentional." FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir.1991).
 
 
 6
 In his second amended complaint, Quintanilla alleged that (1) he is 46 years old, (2) his nationality is Chamorro, (3) he passed the written test and oral interview, (4) he was informed by postcard that he had passed the examination/selection procedure, and (5) he was not hired. Quintanilla alleged that the County's decision not to hire him must have been discriminatory because the letter informing him of the decision failed either to mention the fact that he had passed the examination/selection procedure or to specify the reasons for the decision. Quintanilla also alleged that he discovered, after filing a complaint with the Equal Employment Opportunity Commission, that his application had been withdrawn because of his past criminal record.
 
 
 7
 We agree with the district court that Quintanilla failed to allege any facts showing that the County's decision not to hire him was based on his nationality or age. The fact that the County failed to inform Quintanilla of the reasons for its decision does not support Quintanilla's conclusory allegation that the County discriminated against him on account of his nationality or age. Nor does the fact that the County withdrew Quintanilla's name from consideration because of his criminal record support such a conclusion. Therefore, because the allegations in Quintanilla's second amended complaint are insufficient to state either a Title VII disparate treatment claim, an ADEA claim, or claims under 42 U.S.C. Secs. 1981 or 1983, see Henderson, 940 F.2d at 471; DeHorney, 879 F.2d at 467; Robinson, 847 F.2d at 1316; Pejic, 840 F.2d at 674, the district court did not err by dismissing Quintanilla's action.
 
 
 8
 In addition, the record shows that the district court twice allowed Quintanilla an opportunity to amend his complaint and that the court informed Quintanilla of the deficiencies in his complaint at the hearing on the County's motion to dismiss Quintanilla's first amended complaint. Quintanilla nevertheless has been unable to amend the complaint adequately. Under these circumstances, the district court did not abuse its discretion by denying Quintanilla an additional opportunity to amend the complaint. See National Abortions Fed'n, 8 F.3d at 681.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Quintanilla's request for damages pursuant to Fed.R.App.P. 38 is denied